Dated: September 27, 2011

**The following is ORDERED:**



Tom R. Cornish
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

BRAD AARON GRIGGS                           Case No. 08-80734-TRC
KIMBERLY ANNETTE YOUNG,                     Chapter 13
      Debtors.

### ORDER DENYING MOTION TO DISMISS

On the 15th day of September, 2011, there came on for evidentiary hearing the Motion to Dismiss filed by Security First National Bank of Hugo (Docket Entry No. 170), and Debtors' Objection to the Motion to Dismiss (Docket Entry No. 173).[1] Appearances were entered by Dianne L. Smith, attorney for Movant Security First National Bank of Hugo, Jimmy L. Veith, attorney for Debtors, and Richard Walden, attorney for Chapter 13 Trustee William M. Bonney. The Court has jurisdiction of this core proceeding by virtue of 28 U.S.C. §§ 157(b)(2)(A) and 1334. Based upon the Court's review of this case, the

---

[1]Trustee's Response to the Motion to Dismiss (Docket Entry 174) was orally withdrawn at the hearing.

Court finds that the Motion to Dismiss should be denied.

**Factual Background**

This case was filed on June 5, 2008. Debtors' Chapter 13 plan was confirmed for a term of sixty months on October 22, 2008. That plan was modified on May 5, 2010, and pays $ 22,000 to unsecured creditors. Debtors have completed approximately forty months of their plan. Their monthly plan payment is $ 1,322.00. Pursuant to the terms of their plan, they are to make payments to Security First National Bank of Hugo ("Bank") directly, not through their plan payments. Stephani Butler, Vice-President and loan officer for Bank, testified that Debtors have two secured loans with Bank, which are "cross-collateralized." One loan is secured by Debtors' home ("Home Loan") and the other is a commercial loan secured by rental properties ("Rental Property Loan"). Both loans are past due and have been past due numerous times since confirmation. The monthly payment on the Home Loan is $ 1,130.70. The amount past due is $ 5,964.01, which is 120 days late. The payoff amount is $ 121,831.62, with $ 27.81 interest accruing daily.

The monthly payment on the Rental Property Loan is $ 1,403.27. The amount past due is $ 7,198.61, which is 143 days late. The payoff amount is $ 142,231.03, plus $ 32.26 interest accruing daily. Bank values the real estate securing both loans at $ 313,140, therefore it believes there is equity in the properties.

Mr. Griggs testified that he is employed by a company headquartered in Atlanta, and works out of his home in Hugo, Oklahoma. He stated that he has been employed by this company for thirteen years. Mrs. Griggs is not employed. Their plan payments are made through a wage order. He stated that he and Mrs. Griggs got behind on their payments to Bank due to unforeseen expenses. Based upon his experience with Bank, Mr. Griggs did

not believe that his loan payments to Bank were considered past due until the payment was over thirty days late. Mr. Griggs stated that Debtors will surrender the rental properties to the Bank, in complete satisfaction of Bank's secured claim. Bank's attorney represented that Bank would accept the surrender of the rental properties. Mr. Griggs has also received permission for a hardship withdrawal of $ 5,400 from his 401K account, which he will pay to Bank to bring his Home Loan current. The remaining $500 due on the Home Loan will be paid from other funds. Debtors have approximately $ 4,000 available each month after their plan payment is made. They will be able to stay current on the Home Loan once they surrender the rental properties and no longer have to pay that monthly payment. Mr. Griggs stated that a modified plan will be filed to reflect the surrender of the rental properties. The Home Loan will continue to be paid outside the plan.

### **Analysis**

The Bank moves to dismiss this case due to Debtors' alleged material default with respect to the terms of their confirmed plan, pursuant to 11 U.S.C. § 1307(c)(6). A decision to dismiss a case pursuant to 11 U.S.C. § 1307(c) is a matter of discretion for the bankruptcy court. The decision should be made for cause, based upon the totality of the circumstances, and considering what is in the best interests of creditors and the estate. *See, In re Lundahl*, 307 B.R. 233 (Bankr. D. Utah 2003); *In re Brown*, 70 B.R. 10 (Bankr. S.D. Ohio 1986).

At this time, the Court cannot agree that Debtors are in material default or that it is in the best interest of creditors or the estate to dismiss this case. Debtors are current with plan payments and have completed forty months of their sixty-month plan. Their plan,

3

when completed, will pay approximately $ 22,000 to unsecured creditors. If the case is dismissed, it is not certain whether the unsecured creditors will receive further payment from Debtors. Although they are behind on the payments to the Bank, they have made a reasonable proposal that will cure the default and bring them current on their debts to Bank. They have sufficient income to stay current on their Home Loan to be paid outside the plan, and to stay current on their plan payments. According to Bank's evidence, there is equity in the properties securing these loans. The Trustee supports the proposed modified plan, and urges the Court that dismissal is not in the best interest of creditors. This Court agrees.

IT IS THEREFORE ORDERED that the Motion to Dismiss filed by Security First National Bank of Hugo (Docket Entry No. 170) is **denied**.

# # #